## T. F. RICHARDSON v. THE STATE.

CRIMINAL LAW. *Seduction. New trial. Additional evidence.*

> Defendant was convicted of seducing a girl under the age of sixteen, of pre
> vious chaste character, upon evidence sufficient to sustain the verdict.
> He introduced no testimony, but, to obtain a new trial, made an affidavit,
> which, without denying his own intercourse, alleged newly-discovered
> evidence that others had previously been having connection with the
> girl. He offered the affidavit of a third person, that he as well as others
> had had such intercourse with her ; but it appeared that such person
> attended the trial, and that he and the defendant both knew of other
> testimony of like import, which they withheld until after conviction.
> *Held,* the motion for new trial was properly overruled.

FROM the circuit court of Webster county.

HON. C. H. CAMPBELL, Judge.

Section 2754, code 1880, is as follows : " Any person who shall
seduce and have illicit connection with any female child under the
age of sixteen years, of previous chaste character, shall upon conviction be imprisoned in the penitentiary not more than ten years."

The appellant, Richardson, was convicted under this statute.
The evidence for the state showed that the girl was of a weak mind,
but of previous chaste reputation ; that the defendant at the time
of the alleged seduction was seen alone with her under suspicious
circumstances ; that afterwards she became pregnant, and in due
time gave birth to a child, and died the day after its birth ; that
the defendant admitted the intercourse with her, and had sought to
compromise by the payment of a sum of money. No testimony
was offered in behalf of the defense. The jury having found a
verdict of guilty, the accused made a motion for a new trial, supporting the same by his own affidavit, in which he alleged that
since the trial he had discovered evidence that other men had been
having illicit intercourse with the girl prior to the time laid in the
indictment. The affidavit was silent as to the intercourse of the
accused. He tendered with the motion the affidavit of one Cromer,
that he had on several occasions had sexual intercourse with the
girl prior to the time of the alleged seduction, and that he also
knew of intercourse with her by others. It appeared also from the
affidavit of the accused that he had knowledge before the trial of

certain testimony which, if introduced, would have tended to prove the unchaste character of the girl, the existence of which testimony he had failed to disclose to his counsel. It was also shown on the hearing of the motion that Cromer was present during the trial.

The court overruled the motion for a new trial, and pronounced judgment against accused, from which he appeals.

*Fox & Roane,* for appellant.

The verdict should have been for defendant, even without newly-discovered evidence. It was necessary to prove all the essential elements of the crime : (1) seduction ; (2) previous chaste character ; (3) illicit intercourse. Bishop Stat. Cr. § 651.

The *copus delicti* is not even proven. No inducement or seduction is shown on the part of defendant. For aught appearing in the evidence, the intercourse may have been voluntary on the part of the girl, or even solicited by her. Bishop Stat. Cr. § 640.

It was not enough to show her reputation for chastity. She must have been shown to possess actual personal virtue. Bishop Stat. Cr. § 631.

The averment of chastity must be proven. 1 Bishop Crim. Pro. § 1106 ; Bishop Stat. Cr. § 648.

In view of the overwhelming evidence discovered after the trial, showing previous unchaste character, the motion for a new trial should have been sustained.

*Barry & Beckett,* on the same side.

*T. M. Miller,* attorney-general, for the state.

ˎ The showing for a new trial was wholly insufficient. Defendant admits in his affidavit that he knew of statements made by others to the effect that they had had intercourse with the girl prior to the alleged seduction. This he withheld from his counsel. The affidavit of Cromer, together with the whole showing, is too questionable to admit of credence, and the court rightly refused the motion.

WOODS, C. J., delivered the opinion of the court.

The only matter that can be reviewed by us on this appeal is the action of the trial court in overruling the motion for a new trial.

The undisputed evidence abundantly shows that the accused was properly convicted. A weak-minded child of the age of fourteen was debauched and ruined and brought to a dishonored and pitiful death by reason of her seduction. The connection of the defendant with the unhappy child is not attempted to be disputed by any evidence offered on the trial, and in the application for a new trial and in the affidavits supporting it there is to be found no intimation of the innocence of the accused of the shocking offense.

The court below, it must be held, denied the motion for a new trial because of the most questionable conduct of the defendant and Cromer in withholding from counsel and court the evidence on which a new trial was asked, until after defendant's trial and conviction, and because the statements contained in the affidavits supporting the motion seemed incredible, in view of such conduct of these parties.

We do not feel authorized to disturb the ruling of the court on this point, and, as there is nothing else before us, the jugdment is

*Affirmed.*